IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| v. | § | **CAUSE NO. EP:06-CR-2507(2)-KC** |
| | § | |
| **JOSE RODOLFO ESCAJEDA** | § | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Jose Rodolfo Escajeda ("Escajeda"), Register Number 69445-280, has filed a "Motion" with this Court pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 339. Escajeda is serving a 420-month sentence for conspiracy to import 1000 kilograms or more of marijuana. J. Crim. Case, ECF No. 206. He is currently housed at Federal Correctional Institute Phoenix (FCI Phoenix). His projected release date is October 9, 2039.. *See* www.bop.gov/inmateloc (search for Reg. No.69445-280), last visited June 24, 2022. Escajeda asserts that he has "extraordinary and compelling reasons to support his motion for a reduction in sentence because he is at high risk for severe illness and death from COVID-19. ECF 339, p 1.

### BACKGROUND

Escajeda is a 45-year old inmate serving a 420-month sentence. ECF No. 206 His presentence investigation report indicates he is a Mexican National with his last residence in Guadalupe Distrito Bravo, Chihuahua, Mexico. PSR, ECF No. 201, p.2. Escajeda explains that he suffers from Type 2 diabetes, obesity, polysubstance abuse and tobacco history and that he is unable to take adequate precautions against COVID-19 while incarcerated, such as social distancing or the use of masks and gloves in performing his assigned orderly duties. ECF 339, p. 5.

On December 13, 2020, Escajeda submitted an administrative request for a review of his record for a recommendation under 18 U.S.C. § 3582(c)(1)(A).  ECF 344,  Gov. Ex 2, Administrative Request.  On January 8, 2021, Warden W. Lothrop denied the reduction in sentence request. ECF 344,  Gov Ex. 3, Administrative Request Denial.

## APPLICABLE LAW

Section 3582 permits a court to reduce or modify a sentence only in the "limited number of circumstances." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances include when a court finds "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Additionally, a court may grant a motion to modify a sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission supplies the policy statement in the Sentencing Guidelines.  *Barber v. Ives*, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *3 (D. Or. Feb. 20, 2018).  Sentencing Guideline § 1B1.13 states "the court may reduce a term of imprisonment" if it determines that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person," and (3) "the reduction is consistent with this policy statement."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2019).

The commentary to § 1B1.13 defines extraordinary and compelling reasons to include medical conditions where "[t]he defendant is suffering from a terminal illness." *Id*. at cmt. n.1. The definition also includes situations where the defendant is suffering from a medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

recover." *Id*. Consequently, the movant must provide evidence he or she has "a serious and advanced illness with an end of life trajectory, . . . is . . . suffering from a serious physical or medical condition, . . . [is] suffering from a serious functional or cognitive impairment, or [is] experiencing deteriorating physical or mental health because of the aging process." *Id*. "Examples include . . . end-stage organ disease . . ." *Id.* While Sentencing Guideline § 1B1.13 "has not yet been updated to reflect" the First Step Act's provision allowing defendants—rather than only the BOP—to apply for compassionate releases, courts have "universally" relied on this section for guidance in determining when extraordinary and compelling reasons merit a sentence reduction. *United States v. McGraw*, No. 2:02-CR-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

The defendant "bears the burden of establishing that compassionate release is warranted." *United States v. Heromin*, Case No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). To obtain relief, a defendant must affirmatively meet this burden by producing relevant medical and prison records. Conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent evidence. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993)).

Section 12003(b)(2) of the recently-enacted Coronavirus Aid, Relief, and Economic Security Act (CARES Act) provides authority for the Attorney General to place more prisoners in home confinement:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first

sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

PL 116-136, March 27, 2020, 134 Stat 281.

## ANALYSIS

### A.  18 U.S.C. § 3582(c)(1)(A)

Escajeda moves the Court to reduce his sentence to time served and order his immediate release to pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 71.  He argues that his medical condition, his age, and his inability to take adequate precautions against COVID-19 warrant his release.  ECF No. 339 at p. 5.

Until recently, only the BOP could move to modify a term of imprisonment for extraordinary and compelling reasons.  Then in late 2018, the First Step Act amended § 3582(c)(1)(A) to permit a defendant to file such a motion.  *Id.* (as amended).  But the plain language of § 3582(c)(1)(A) makes it clear that a court may grant a defendant's motion for compassionate release only where the defendant first complies with an administrative exhaustion requirement.  *See United States v. Alam*, 960 F.3d 831 [2020 WL 2845694, at *2] (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition.") (page number not yet assigned to F.3d); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he exhaustion requirement . . . presents a glaring roadblock foreclosing compassionate release.").  Thus, before seeking relief from a court, a defendant must first submit a request to the warden of her facility to move for compassionate release on her behalf and then either exhaust her administrative remedies or wait for the lapse of 30 days after the warden receives her request.  18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d 831; *Raia*, 954 F.3d at 597.

Although Escajeda has exhausted his administrative remedies, the Court finds that he has failed to show extraordinary and compelling reasons for a reduction of sentence. Escajeda received the Moderna vaccine on April 6, 2021 ECF 344, Gov. Ex. 4, the second shot on May 4, 2021 and the Moderna booster on December 8, 2021. ECF 344 Gov. Ex. 5. Thus, Escajeda has not shown that he still faces a substantial risk from COVID-19, since these vaccines have been shown to be safe and effective.

This Court must also consider the sentencing factors in 18 U.S.C. §3553(a). After considering those factors, at the time of sentencing, this Court sentenced Escajeda to term of 420 months of incarceration. In assessing those factors at the time of sentencing, the Court noted that Escajeda had been a high-ranking member of the Juarez Cartel, was responsible for importation of large quantities of drugs into the United States and participated or directed in armed attempts to bring drugs into the United States. More recently, while serving the sentence imposed by this Court, Escajeda has received disciplinary sanctions for possessing a dangerous weapon and assault with serious bodily injury. See ECF 344, Gov. Ex 1 Although these disciplinary sanctions occurred a few years ago, it is this Court's opinion that Escajeda still poses a threat to the public.

Nothing has changed to merit a sentence reduction in this case. The nature, circumstances, and seriousness of Escajeda's offense remain unchanged combined with his prison conduct reinforce the just nature of this Court's sentence. (See 18 U.S.C. § 3553(a)(1) and (2)(A)).

Thus, the Court finds that Escajeda has not met his burden of showing that he qualifies for compassionate release to home confinement for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A). His motion will accordingly not be granted.

Finally, Escajeda has moved this Court to appoint an attorney to represent him. The Court will DENY that request.

## CONCLUSION AND ORDER

Therefore, after due consideration, Court concludes that Escajeda has not met his burden of showing that he qualifies for compassionate release to home confinement under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons. Accordingly, Escajeda's Motion (ECF No. 339) is **DENIED**.

**SO ORDERED.**

**SIGNED this 24th day of June, 2022.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE